Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000703
12-MAY-2015
08:13 AM

CAAP-12-0000703

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

KARL ROBERT BRUTSCH,
Plaintiff-Appellee/Cross-Appellant,
v.
CELIA KAY BRUTSCH,
Defendant-Appellant/Cross-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 09-1-2906)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Ginoza, JJ.)

In this divorce case, Defendant-Appellant/Cross-Appellee Celia Kay Brutsch (Wife) appeals from: (1) the "Decree Granting Absolute Divorce and Awarding Child Custody" (Divorce Decree); and (2) the "Order Denying Defendant's Motion for Reconsideration and/or Further Hearing and/or Amendment of Trial Decision . . ." (Order Denying Wife's Motion for Reconsideration). Plaintiff-Appellee/Cross-Appellant Karl Robert Brutsch (Husband) cross-appeals from: (1) the Divorce Decree; (2) the "Order Awarding Attorney's Fees and Costs" (Order Awarding Attorney's Fees to Wife); (3) "Order Re: Plaintiff's Motion for Reconsideration and for Rule 68 Attorney's Fees Filed

February 16, 2012" (Order Denying Husband's First Motion for Reconsideration); and (4) "Order Denying Plaintiff's Motion for Reconsideration of Decision Announced March 14, 2012, Filed March 21, 2012" (Order Denying Husband's Second Motion for Reconsideration). The Family Court of the First Circuit (Family Court)[1] entered the Divorce Decree, the Order Awarding Attorney's Fees to Wife, and the Order Denying Husband's First Motion for Reconsideration on April 2, 2012; the Order Denying Wife's Motion for Reconsideration and the Order Denying Husband's Second Motion for Reconsideration on July 12, 2012; and its Findings of Fact and Conclusions of Law on October 8, 2012.

On appeal, Wife contends that the Family Court erred in: (1) awarding Wife and Husband joint physical and legal custody of the parties' two children and continuing the alternating-week custody schedule imposed by the Family Court pending the divorce trial; and (2) its rulings regarding child support, educational and medical expenses, and reimbursement for pre-decree expenses. On cross-appeal, Husband contends that the Family Court erred in: (1) refusing to award Husband Category 3 credit for gifts and inheritance received from his father during the marriage; (2) denying Husband's request for attorney's fees pursuant to Hawai'i Family Court Rules (HFCR) Rule 68; and (3) awarding Wife attorney's fees and costs.

As explained below, we affirm in part, vacate in part, and remand for further proceedings.

I.

We resolve the issues raised in Wife's appeal as follows:

A.

We conclude that the Family Court did not abuse its discretion in its custody award. Husband filed for divorce in September 2009. In November 2009, the Family Court issued an

---

[1] The Honorable Paul T. Murakami presided over the proceedings relevant to this appeal.

2

order awarding the parties temporary joint physical and legal custody of their two minor children (Son and Daughter) on an alternating-week basis. This custody arrangement remained in effect for two years while trial was pending.

During the two-day trial, the Family Court heard conflicting testimony regarding what custody arrangement would be in the best interests of the children. See Hawaii Revised Statutes (HRS) § 571-46 (Supp. 2011). After considering the evidence, the Family Court awarded the parties joint physical and legal custody of the children and continued the alternating-week time-sharing schedule that existed prior to trial.

Contrary to Wife's contention, we conclude that the Family Court made sufficient findings in its oral ruling to explain its custody decision.[2] The Family Court stated that it had heard and considered extensive testimony from Wife, Husband, and the custody evaluator; that the parties have different approaches to raising the children that has led to conflict, but that the "good news" is that the children are "coping," are "successful in school," and "appear to be doing well"; that the Family Court had "concerns on both sides"; and that although joint custody presents difficulties, the Family Court believed a change in the existing custody arrangement would be worse for the children and that the children would be estranged from Husband even further, if sole custody were awarded to Wife. The Family Court also observed that one of the greatest sources of stress for the children was the divorce proceedings and that this source of stress would end with the completion of the divorce proceedings. The Family Court's findings were sufficient to explain and support its custody award.

The Family Court possesses wide discretion in making decisions regarding custody, and "those decisions will not be set aside unless there is a manifest abuse of discretion." Fisher v.

_____

[2] We note that Son turned 18 while this appeal was pending, and therefore, Wife's challenge to the Family Court's custody award is moot as to Son. See Jacoby v. Jacoby, 134 Hawai'i 431, 454, 341 P.3d 1241, 1254 (2014).

3

Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (block quote format and citation omitted). Although the Family Court declined to follow the recommendation of the custody evaluator, it was up to the Family Court to determine the weight and credibility of the evidence, id., and the custody evaluator's recommendation was not binding on the Family Court. Husband presented evidence that he was a concerned and actively involved parent. We cannot say that the Family Court abused its broad discretion in awarding the parties joint physical and legal custody of the children on an alternating-week basis.

B.

Wife contends that the Family Court erred in its rulings regarding child support, educational and medical expenses, and reimbursement for pre-decree expenses.

With respect to child support, we agree with Wife that the Family Court erred in failing to include $1,666 per month in rental income received by Husband when determining his monthly gross income for purposes of computing his child support obligations. The Child Support Guidelines (Guidelines) define "gross income" as including "income from all sources that are regular and consistent[.]" The evidence showed that Husband had been receiving an average of $1,666 per month in rental income from a business he owned with his brother for ten years. This rental income was clearly "regular and consistent," and the Family Court erred in failing to include it in Husband's monthly gross income in computing his child support obligations under the Guidelines.

While the divorce was pending, Husband was terminated from his job, received severance pay for a year, and then obtained a new job. At the time of trial, Husband was receiving both his severance pay from his former job as well as income from his new job. However, by the time the Divorce Decree was entered, the severance pay had ended and Husband was only receiving the income from his new job. Wife contends that the Family Court erred in failing to combine Husband's severance pay

4

with the income from his new job in determining Husband's gross income for child support purposes for the few months in which he was receiving both. We disagree. By the time the Divorce Decree was filed, Husband was no longer receiving severance pay and therefore the Family Court did not err in excluding the severance pay in computing his child support going forward from the date of the Divorce Decree. Wife did not seek to modify the Family Court's pre-decree child support order based on Husband's receipt of both severance pay and income from his new job, and thus there is no basis to modify Husband's pre-decree child support obligations.

In the Divorce Decree, the Family Court ordered the parties to pay the children's private school expenses and medical/dental expenses in proportion to the percentages of their incomes under the Guidelines, which it determined was 56% (Husband) and 44% (Wife). As we have previously concluded, the Family Court erred in computing Husband's monthly gross income because it failed to include Husband's rental income. We therefore vacate the Family Court's determination of the parties' income percentages in Paragraphs 6(a) and 8 of the Divorce Decree and remand for recalculation of the income percentages.

We reject Wife's claim that the Family Court erred in declining to address the children's higher education expenses or extra-curricular expenses. At the time of the Divorce Decree, the children had not graduated from high school. We conclude that the Family Court did not abuse its discretion by declining to rule on the division of higher education expenses and instead leaving the payment of such expenses to the agreement of the parties or later determination by the Family Court. As to extra-curricular expenses, contrary to Wife's assertion, the Family Court addressed these expenses by ordering that they be divided evenly between the parties for agreed-upon activities and paid solely by the parent who enrolled the child for activities not agreed-upon.

5

Pursuant to pre-decree orders, the Family Court ordered the parties to contribute to the payment of marital expenses in the proportion of 59% Husband and 41% Wife, and it reserved all claims for reimbursement for trial. At trial, both parties presented evidence of pre-decree marital expenses they had paid. The Family Court, however, declined to rule on Wife's claim for reimbursement because it found that the "testimony on both sides . . . was basically unsubstantiable. Someone says they paid it. Someone says, no, you didn't. I'm not going to fight over it. Court declines to order. [Wife's claim for reimbursement] is denied." We agree with Wife that the Family Court erred in declining to rule on her claim for reimbursement. The Family Court's pre-decree orders entitled Wife to obtain reimbursement of marital expenses to the extent that she paid more than her 41% share. The conflict in testimony did not entitle the Family Court to decline to rule on Wife's reimbursement claim. On remand, the Family Court shall decide Wife's claim for reimbursement.

II.

We resolve the issues raised in Husband's cross-appeal as follows:

A.

Husband contends that the Family Court erred in refusing to award him Category 3 credit for gifts and inheritance received from his father during the marriage. Husband presented evidence that he received gifts and inheritance of money from his father during the marriage, including copies of checks and deposits.[3/] Wife acknowledged that Husband received gifts and inheritance from his father, but contended that the total amount was unknown. The Family Court denied Husband any Category 3 credit for gifts and inheritance, reasoning as follows: "The court finds that while it may be accurate to state that [Husband]

_____

[3/] Husband presented evidence that he used this gift and inheritance money during the marriage to make a downpayment on a residence, purchase a boat, and make home improvements.

did receive monies, the record is bereft of any competent or credibility [sic] evidence that those monies were actually contributed to the marriage." In other words, although the Family Court found that Husband had received gifts and inheritance during the marriage, it denied Husband any Category 3 credit because it concluded that Husband had failed to present sufficient evidence to trace the funds into purchases that "actually contributed to the marriage."

We conclude that the Family Court erred in denying Husband any Category 3 credit. The net market value (NMV) in Categories 1 and 3 "are the parties' 'capital contributions,' and pursuant to general partnership law, they are returned to each spouse." Kakinami v. Kakinami, 127 Hawai'i 126, 138, 276 P.3d 695, 707 (2012) (citation omitted). Category 3 is:

> The date-of-acquisition NMV, plus or minus, of property separately acquired by gift or inheritance during the marriage but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.

Id. at 137, 276 P.3d at 706 (citation omitted). Gifts and inheritances received during the marriage become marital partnership property unless they are (1) expressly classified by the donee/heir-spouse-owner as separate property and (2) maintained, after acquisition, by itself or sources independent of both spouses and funded by sources other than martial partnership income or property. Id. at 138-39, 127 P.3d at 707-08.

Husband was not required to trace the money he received in gifts and inheritances into specific purchases that contributed to the marriage in order to be entitled to a Category 3 credit. See id. at 137-38, 276 P.3d at 706-07. Therefore, the Family Court erred in denying Husband any Category 3 credit on this basis. Because of its ruling, the Family Court did not make any determination of the amount of gifts and inheritances Husband received during the marriage. On remand, the Family Court shall determine the amount of gifts and inheritances received by

7

Husband that fall within Category 3 and award Husband a Category 3 credit for such amount.

B.

Husband argues that the Family Court erred in denying his request for attorney's fees pursuant to HFCR Rule 68 (2006).[4] In particular, Husband claims that he was entitled to attorney's fees on the issue of child custody because the Family Court's decision on this issue was patently not more favorable to Wife than Husband's settlement offer.

The Family Court denied Husband's request because it found that "[HFCR] Rule 68 is predicated on the entire decree being patently more favorable or unfavorable depending on the offer"; "the [HFCR] Rule 68 offer that was presented was not a complete offer"; and the Divorce Decree dealt with financial issues in addition to child custody and on balance "is not patently more favorable to one or the other." In Owens v. Owens, 104 Hawai'i 292, 310, 88 P.3d 664, 682 (App. 2004), this court held that in applying HFCR Rule 68, the Family Court was required to determine "issue by issue" "whether the final judgment resolving a disputed issue is 'not patently more favorable' than

---

[4] At the time relevant to this case, HFCR Rule 68 provided:

At any time more than 20 days before any contested hearing held pursuant to HRS sections 571-11 to 14 (excluding law violations, criminal matters, and child protection matters) is scheduled to begin, any party may serve upon the adverse party an offer to allow a judgment to be entered to the effect specified in the offer. Such offer may be made as to all or some of the issues, such as custody and visitation. Such offer shall not be filed with the court, unless it is accepted. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, any party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall treat those issues as uncontested. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible, except in a proceeding to determine costs and attorney's fees. If the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended.

8

the HFCR Rule 68 offer of judgment as to that issue." Based on Owens, we conclude that the Family Court erred in failing to separately determine the custody issue under HFCR Rule 68. On remand, the Family Court shall determine whether its final judgment on child custody is patently not more favorable to Wife than Husband's HFCR Rule 68 offer on the custody issue.

Husband also contends that if the Family Court grants him the Category 3 credit he requests, he would also be entitled to attorney's fees under HFCR Rule 68 on the financial issues. Because we are remanding the case for determination of Husband's Category 3 credit, the Family Court should consider Husband's HFCR Rule 68 request on the financial issues on remand.

Under HFCR Rule 68, even if the judgment entered is patently not more favorable to the offeree than the offer, the Family Court may still decline to award attorney's fees and costs if it "specifically determine[s] that such [an award] would be inequitable in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended." Therefore, if the Family Court determines that the judgment entered by the Family Court was patently not more favorable to Wife than Husband's offer, it should consider whether the award of fees would be inequitable.

C.

Husband argues that the Family Court abused its discretion in awarding Wife $21,984.46 in attorney's fees. We disagree. The record reveals that the Family Court awarded these attorney's fees to Wife because they were incurred by Wife in response to Husband's failure to comply with pre-trial orders. We conclude that the Family Court did not abuse its discretion in awarding attorney's fees to Wife on this basis. See HRS § 580-47(f) (2006 & Supp. 2011).

III.

For the foregoing reasons, we: (1) affirm in part and vacate in part the Divorce Decree; (2) vacate the Family Court's denial of Husband's request for HFCR Rule 68 attorney's fees; (3)

9

affirm the Order Awarding Attorney's Fees to Wife; and (4) remand the case for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, May 12, 2015.

On the briefs:

Peter Van Name Esser
and
P.Gregory Frey
(Coates & Frey)
for Defendant-Appellant/
Cross-Appellee

Samuel P. King, Jr.
for Plaintiff-Appellee/
Cross-Appellant

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge